## Commonwealth ex rel. v. Cain

*C. William Kraft, Jr.,* for petitioner.

*Henry . Sweney,* first assistant district attorney, for Commonwealth.

ERVIN, J., February 11, 1942.—This is an application for discharge under a writ of habeas corpus. The application must be dismissed.

Relator was held for court under $500 bail on a charge of violating the gambling laws. Bail was entered but subsequently the bondsman surrendered

relator upon a bail piece and relator filed a writ of habeas corpus seeking his discharge on the ground that the evidence was insufficient to sustain a conviction. A hearing was held on January 15, 1942, before Ervin, J. The testimony disclosed that the State police made a raid on December 18, 1941, on premises 502 Edgmont Avenue, Chester. These premises are known as the "Smoke Shop" and the nearest room from the street is a store containing a cigar counter and soda fountain. A corridor leads from this shop to a rear room in which were two pool tables. At the time of the raid relator was seated in the rear room at a table on which there was a small radio. On the table in front of relator was an Armstrong race sheet and a racing form, both dated the day of the raid. Also there were some pencil lists with the names of horses which were listed as racing on that day. Relator had $99 in bills in his hands and was counting change on the table. It was testified that the radio was tuned to a station which customarily furnishes racing information but at the time of the raid no such information was coming over the air. The officers were unable to testify that any bets were made in their presence, but from 1:40 to 2:20 p.m. eight or ten telephone calls seeking to lay bets were received by the officers over a public telephone located in the corridor. Relator did not hear the telephone conversations and there was no evidence that anyone asked for him by name. This, in substance, was the evidence of the Commonwealth, and defendant argues that such evidence would be insufficient to sustain a conviction under the authority of Commonwealth v. Coyne, 115 Pa. Superior Ct. 23, and Commonwealth v. Rosen et al., 141 Pa. Superior Ct. 272. While it is true that the evidence is weak, nevertheless we do not feel that we should usurp the functions of a jury and discharge relator at the present time. It is possible that the grand jury will fail to indict and, even if it should return an indictment, defendant can be amply protected by the trial judge should defendant demur to the evidence.

This is not a case where defendant is languishing in jail because he is unable to obtain bail. He was originally admitted to bail, surrendered himself for the purpose of making this application, and has been re-admitted to bail pending the outcome of this proceeding. There is authority in Pennsylvania for refusing the writ in a case where it appears that the bail is surrendered for the express purpose of securing a habeas corpus: See Commonwealth ex rel. v. Fenicle, 6 Dist. R. 789, and cases therein cited; Commonwealth ex rel. v. Skelly, 8 D. & C. 585, 590; Commonwealth v. Dutkin, 28 Berks 139.

This appears to be the weight of authority in the United States. See 14 A. L. R. 346, where it is said:

"The voluntary surrender of one at large on bail will not authorize the granting of a writ of habeas corpus, though the petitioner is actually in custody for a time," citing a long line of cases, including Baker v. Grice, 169 U. S. 284.

Therefore, we will refuse relator's application for a discharge and will remand him to the warden of Delaware County Prison with leave to relator to be released upon furnishing bail in the sum of $500, conditioned for his appearance at the next term of court.